**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10250 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-08209-GMS-1 |
| v. | |
| JULIAN ISMAEL LOERA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted September 1, 2017
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  W. FLETCHER and IKUTA, Circuit Judges, and BARKER,[**] District Judge.

Julian Loera was convicted of assaulting a member of the Fort Mojave Tribe on the tribal reservation, in violation of 18 U.S.C. § 113(a)(4) and 18 U.S.C. § 1152.  Loera contested the federal court's jurisdiction over him, arguing he was an "Indian" within the meaning of § 1152 and was therefore exempt from prosecution under that statute.  To convict Loera, the Government had to prove beyond a reasonable doubt that he was not an Indian under the test set forth in *United States v. Bruce,* 394 F.3d 1215 (9th Cir. 2005); *as clarified by United States v. Zepeda*, 792 F.3d 1103 (9th Cir. 2015) (en banc).  We have jurisdiction under 28 U.S.C. § 1291.

The district court did not err in finding beyond a reasonable doubt that Loera was not an Indian and thus subject to federal prosecution under 18 U.S.C. § 1152.  In *United States v. Cruz*, 554 F.3d 840, 843-44 (9th Cir. 2009), this court distinguished between "jurisdictional questions" and "a motion for acquittal in order to challenge the sufficiency of the evidence underlying a jurisdictional element."  When a jurisdictional question is raised through the latter process, the *Cruz* court held, "we owe deference to the jury's ultimate factual finding" and the

[**]      The Honorable Sarah Evans Barker, United States District Judge for the Southern District of Indiana, sitting by designation.

2

standard of review for sufficiency-of-the-evidence claims applies, namely, "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 844 (citation omitted). We review the district court's determination accordingly.

Loera filed a motion to dismiss the federal criminal complaint against him, requesting an evidentiary hearing as to his Indian status. Loera and the Government stipulated to a number of relevant facts. The magistrate judge then held a hearing limited to this issue and submitted a written order determining Loera was not an Indian and denying his motion to dismiss. The district court affirmed the magistrate's findings.

Loera rests his claim of Indian status on the last two, least important *Bruce*/*Zepeda* criteria: enjoyment of the benefits of association with the Fort Mojave, and "social recognition as someone affiliated with" the Fort Mojave. *See Zepeda*, 792 F.3d at 1114.

The magistrate judge found that the Government undermined much of Loera's evidence supporting these two criteria. The Government demonstrated that Loera was a third-party beneficiary of his mother's tribal membership benefits, that Loera did not establish residency on the reservation as an adult, and that

Loera's social ties to Fort Mojave were unilateral. The magistrate also found that, other than receiving "some benefits of tribal affiliation," Loera did not meet any of the four criteria. The district court found that Loera "did satisfy the third and fourth *Bruce* factors," but the "satisfaction of those factors [was] weak" and so "a rational trier of fact could have found beyond a reasonable doubt that Loera [did] not qualify as an Indian." We affirm this finding.

Loera also claims the magistrate judge improperly shifted the burden of proof to demonstrate he is an Indian. "Whether the magistrate judge improperly shifted the burden of proof to the defendant is reviewed de novo." *United States v. Coutchavlis*, 260 F.3d 1149, 1156 (9th Cir. 2001). Loera points to the magistrate judge's use of the phrase "[d]efendant has not established" as evidence that the magistrate judge required Loera to adduce evidence demonstrating his Indian status.

The magistrate judge did not engage in improper burden-shifting. The magistrate used the challenged phrase, "[d]efendant has not established" twice: once to explain that Loera failed to produce evidence to support the second prong of *Bruce*, i.e. the receipt of benefits reserved only to tribal members; and once to conclude that Loera "ha[d] not established sufficient, current, 'social recognition as an Indian,'" i.e. the fourth *Bruce* prong. However, the magistrate judge did not

4

shift the burden onto Loera.  Rather, the magistrate judge concluded the Government met its burden, by introducing evidence that contradicted Loera's claim of social membership, highlighting Loera's failure to establish his own residence on the reservation, his vulnerability to removal, his ineligibility for tribal political participation, and the Tribe's repeated refusal to exercise criminal jurisdiction over him.

**AFFIRMED.**